IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 20-253 |
| TETI AMUN RA-BEY | : | |
| | : | |

**McHUGH, J.**                                                                                            **August 31, 2020**

## MEMORANDUM

This is an attempt to remove a criminal prosecution from state court.  Defendant Teti Amun Ra-bey a/k/a Carl Smith is charged with 2 counts of aggravated assault, possession of an instrument of crime, and recklessly endangering another person arising out of a stabbing.  The incident occurred in May 2018.

Under 28 U.S.C. Section 1455(b)(4), a district judge must examine such a notice of removal "promptly."  If examination clearly reveals that the case is not eligible for removal, the judge is to order remand summarily.

The removal here suffers from four defects.  First, it is untimely.  Under Section 1445 (b)(1), a removal must occur within thirty days of arraignment.  The district court may excuse late removal, but only for good cause shown.  The state court record here shows that Defendant was arraigned on August 28, 2018, some two years ago, and no basis for excusing late removal has been offered.

Second, the removal is procedurally defective.  Section 1445(a) requires that copies of all process, pleadings and orders served on a defendant must accompany the notice of removal.  No documents from the state court proceedings were attached to the notice or otherwise supplied for

1

review.

Third, Defendant has not set forth a substantive basis for removal.  28 U.S.C. Section 1443(1) sets forth the basis on which a criminal prosecution is eligible for removal.  In order to remove a case under Section 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce federal rights in the courts of the State."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted).  To the extent that the notice of removal is intelligible, Defendant does not assert race-based animus against him as the reason for removal, but rather his purported "citizenship" in the "Moorish National Republic" which ostensibly grants him a right to federal jurisdiction pursuant to a treaty.

Fourth, Defendant's purported non-statutory basis for removal—the treaty—is frivolous.  The Court is aware of no credible evidence supporting the existence of the "Moorish National Republic," and no federal court has ever recognized it as a sovereign state.  *See Missouri v. Bey*, 2020 WL 1032137 (E.D. Mo. March 2, 2020); *Benton-El v. Odom,* 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988).  And as Judge Giles of this Court recognized in *Khattab El,* even those who choose to renounce citizenship in the United States nonetheless remain bound by the laws of this country while within its borders.

Because removal was improper, an order of remand will be entered.

  /s/ Gerald Austin McHugh
United States District Judge